UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>v.<br><br>DR. SPENCER, et al.,<br><br>    Defendants. | Case No. 18-04511 BLF (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; DENYING MOTION FOR APPOINTMENT OF COUNSEL; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 11) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court dismissed the complaint with leave to amend for Plaintiff to attempt to state sufficient facts to state a cognizable claim against named Defendants. (Docket No. 9.) Plaintiff has filed an amended complaint naming new Defendants. (Docket No. 10.)

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. **Plaintiff's Claims**

Plaintiff claims that on February 11, 2016, he was discharged from the San Francisco General Hospital and transferred to the San Mateo County Jail[1] after suffering a gunshot wound. (Am. Compl. at 4.) Plaintiff claims that he was discharged "with medical instructions, ordering county jail physicians to schedule treatment for surgery with a hand specialist for damages to [Plaintiff's] dominant hand, and arm, and the attendant pain." (*Id.*) Plaintiff claims that he was seen by Dr. Fong, the plastic surgeon at San Mateo Medical Center, who indicated that Plaintiff had nerve damage and scheduled him "for an E.M.G. test return." (*Id.*) Plaintiff claims Defendants Dr. Spencer and Nurse Practitioner Amanda, at the San Mateo County Jail in Redwood City, "repeatedly caused unnecessary excessive delay" and failed to reschedule his appointment with Dr. Fong until December 2, 2016. (*Id.*) The E.M.G. test results revealed that Plaintiff would need a "tendon transfer" to get the functionality of his hand back, which would require surgery. (*Id.*) Plaintiff claims that Defendants failed to follow Dr. Fong's referral to Stanford Hospital for the

---

[1] With respect to Defendants Spencer and Amanda's place of employment, Plaintiff only indicates "San Mateo County Jail, Redwood City, CA 94063." (Am. Compl. at 2.) However, San Mateo County has two jail facilities: the Maguire Correctional Facility ("MCF") and the Maple Street Correctional Center ("MSCC"). At the time Plaintiff filed this action, he was located at MCF and the originally named Defendants were employed at MCF. (Docket No. 1 at 2.) Accordingly, the Court will assume the underlying events in this action took place at MCF rather than at MSCC.

2

needed surgery which his medical condition requires. (*Id.*) Plaintiff claims Defendants continued to delay over a period of two years, despite his filing several grievances on the matter, and that the delay has caused him pain and suffering to his disability "which is interfering with his life activities." (*Id.* at 4-5.) Liberally construed, these allegations of continual delay in treatment presents a cognizable claim of deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

### C. Motion for Appointment of Counsel

Plaintiff has filed another motion for appointment of counsel based on essentially the same reasons as his first motion for appointment of counsel, (Docket No. 3), i.e., indigence, the complexity of the issues, limited access to library and knowledge of the law, and that he would be better served by the assistance of counsel should this matter go to trial. (Docket No. 11.) As Plaintiff was previously advised, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's asserted grounds do not establish exceptional circumstances. Accordingly, this second motion for appointment of counsel is **DENIED** for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket No. 10), all attachments thereto, and a copy of this order upon **Defendants Dr. Spencer and Nurse Practitioner Amanda** at the **San Mateo County Jail, Maguire Correctional Facility** (300 Bradford St., Redwood City, CA 94063)**.** The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

4

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. Plaintiff's second motion for appointment of counsel is DENIED. (Docket No. 11.)

This order terminates Docket No. 11.

**IT IS SO ORDERED.**

**Dated:** July 11, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Service; Denying Mot. for Appt. of Counsel
PRO-SE\BLF\CR.18\04511Saddozai_svc.deny-atty

6