UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. SPENCER, et al.,<br><br>    Defendants. | Case No. 18-04511 BLF (PR)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL OR GUARDIAN AD LITEM**<br><br><br>(Docket No. 24) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court found the amended complaint, (Docket No. 14), stated a cognizable claim for deliberate indifference to serious medical needs and ordered the matter served on Defendants Dr. Spencer and Nurse Amanda at the San Mateo County Jail. (Docket No. 14.) Plaintiff has filed a letter requesting appointment of counsel due to the circumstances at his current place of confinement. (Docket No. 24.)

**DISCUSSION**

Plaintiff has filed notice that he has been placed in the "Mental Health Services Delivery System," and transferred to Corcoran State Prison. (Docket No. 24 at 2.) Plaintiff states that he is without his property, has been denied access to the law library,

and without means of communicating with the courts, attorney, or family. (*Id.*) He states that the correctional counselors in charge of his custody have ignored his request for assistance and access to the law library. (*Id.* at 2-3.) Plaintiff seeks appointment of counsel "for a limited purpose necessary for due process as I'm incapable based on my clinical assessment due to being stripped of my legal materials to prosecute the above references cases." (*Id.* at 3.)

### A. Appointment of Counsel under 28 U.S.C. § 1915

As Plaintiff has twice been advised, (*see* Docket Nos. 9, 14), there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). As before, Plaintiff's asserted grounds do not establish exceptional circumstances warranting appointment of counsel at this time, even for a "limited purpose." Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman*, 390 F.3d at 1103; *Rand*, 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017; *Wilborn*, 789 F.2d at 1331.

### B. Appointment of Guardian Ad Litem under Fed. R. Civ, P. 17(c)

Based on his assertion of mental health issues, the Court will also consider whether Plaintiff warrants appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c), which provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or aby a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

2

Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial question" exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if appropriate. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Other circuits have held that a district court's duty of inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence. *See*, *e.g.*, *Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003).

The Ninth Circuit found a "substantial question" regarding competence where a pro se prisoner litigant submitted a letter from the prison psychiatrist stating that the litigant was under his care, had been diagnosed with schizophrenia, and was taking psychotropic medications, *see Allen*, 408 F.3d at 1152, but it found no substantial question where a pro se litigant merely asserted that the district court should have conducted a competency hearing, *see Day v. Sonoma Cnty.*, 1997 WL 686016, at *2 (9th Cir. Oct. 30, 1997). The Third Circuit found "verifiable evidence" of incompetence where one co-plaintiff was adjudicated incompetence in a simultaneous criminal proceeding and the other co-plaintiff submitted a letter from a mental health professional. *See Powell*, 680 F.3d at 308-09. The Second Circuit has indicated that "verifiable evidence" could take the form of records from a court or public agency or evidence from a mental health professional, but that bizarre behavior, standing alone, is not sufficient to trigger a district court's duty of inquiry under Rule 17(c). *See Ferrelli*, 323 F.3d at 201-02.

In this case, Plaintiff submits no evidence of incompetence. Rather, he merely asserts he has been placed in the "Mental Health Services Delivery System" and that his "clinical assessment" renders him "incapable." (Docket No. 24 at 3.) Thus far, Plaintiff has shown an ability to articulate his claims despite his mental health issues. Furthermore, Plaintiff provides no letter from a mental health professional or other "verifiable evidence" of his incompetence to trigger this Court's duty of inquiry. *See Ferrelli*, 323 F.3d at 201-

3

02. Plaintiff's mere assertion that he needs the assistance of counsel to proceed with the case, without more, is not sufficient to raise a substantial question. *See*, *e.g.*, *Day*, 1997 WL 686016, at *2. Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding Plaintiff's competence and therefore no duty of inquiry. *See Allen*, 408 F.3d at 1152; *Ferrelli*, 323 F.3d at 201-02. Plaintiff does not warrant appointment of a guardian ad litem under Rule 17(c).

## CONCLUSION

For the reasons discussed above, Plaintiff's request for appointment of counsel is DENIED. (Docket No. 24.) Plaintiff should seek remedies through the prison grievance procedures for his present circumstances.

**IT IS SO ORDERED.**

Dated: _December 16, 2019_

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. for Appt. of Counsel
PRO-SE\BLF\CR.18\04511Saddozai_deny.atty

4