1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIKEB SADDOZAI,

Plaintiff,

v.

DR. SPENCER, et al.,

Defendants.

Case No. 18-04511 BLF (PR)

**ORDER DENYING MOTION FOR
RECONSIDERATION; STRIKING
MOTION TO FILE UNDER SEAL;
DENYING MOTION TO AMEND
COMPLAINT; GRANTING MOTION
TO STRIKE; GRANTING MOTION
FOR EXTENSION OF TIME TO
FILE OPPOSITION**

(Docket Nos. 28, 29, 32, 34, 38, 40)

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42
U.S.C. § 1983.  The Court found the amended complaint, Dkt. No. 10, stated a cognizable
claim for deliberate indifference to serious medical needs and ordered the matter served on
Defendants Dr. Spencer and Nurse Amanda at the San Mateo County Jail.  Dkt. No. 14.
Defendants filed a motion for summary judgment on January 30, 2020.  Dkt. No. 31.  The
Court addresses several pending motions below.

**DISCUSSION**

A.      **Motions Re Appointment of Counsel**

The Court denied each of Plaintiff's three motions for appointment of counsel for

1
2
3
4
5
6
7
8
9
10
11
12

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

lack of exceptional circumstances, with the last order filed on December 16, 2019.  Dkt. Nos. 9, 14, 25.  On January 27, 2020, Plaintiff filed a motion for an extension of time to file a motion for reconsideration of the last court order, and subsequently the motion for reconsideration asserting new grounds on March 5, 2020.  Dkt. Nos. 28, 38.  The Court grants the motion for an extension of time such that the reconsideration motion is deemed timely filed.  Although titled differently, these two papers are essentially the same.  *Id.* Plaintiff additionally requests a preliminary injunction and court order for prison officials to "cease and desist violence, harassment and retaliation to interefer[e] with plaintiff's civil action."  Dkt. No. 38 at 2.  Plaintiff is currently being housed at Corcoran State Prison ("CSP"), which is not a party to this action.  Accordingly, the Court has no jurisdiction over CSP or any of its employees in this action to issue an injunctive order against them. Plaintiff must file any new claims against CSP employees in a separate civil rights action.

Plaintiff asserts the following grounds for appointment of counsel: lack of legal material and access to the law library and legal assistance, and the need for assistance to conduct discovery.  Dkt. No. 38 at 4-7.  The Court notes that despite the challenges he alleges, Plaintiff managed to file another motion to amend the complaint and the proposed amended complaint.  Dkt. Nos. 32, 37.  With respect to discovery, Plaintiff recently filed a motion requesting more time to conduct discovery which is generally articulate and organized.  Accordingly, the motion for reconsideration is **DENIED** for lack of changed circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

**B.      Motion to Seal Documents**

Defendants filed a motion for summary judgment, Dkt. No. 31, along with an administrative motion to file under seal certain documents in order to protect Plaintiff's

2

1   medical privacy, Dkt. No. 29.  Plaintiff filed opposition to the motion.  Dkt. No. 33.  In

2   reply, Defendants withdraw their motion to seal, inferring by his opposition that Plaintiff

3   consents to his unredacted medical records being filed with the Court and being publicly

4   accessible.  Dkt. No. 36.  There being no dispute on this issue, Defendants' motion to seal

5   shall be STRICKEN, and the documents at issue shall not be filed under seal.

6   **C.      Plaintiff's Motion to Amend and Defendants' Motion to Strike**

7           After Defendants filed their summary judgment motion on January 30,2020,

8   Plaintiff filed a motion to amend the complaint on February 10, 2020.  Dkt. No. 32.

9   Defendants filed opposition to the motion.  Dkt. No. 35.  On the same day that Defendants

10  filed their opposition, March 5, 2020, Plaintiff filed a proposed amended complaint which

11  would constitute a second amended complaint ("SAC").  Dkt. No. 37.  On March 13, 2020,

12  Defendants filed a motion to strike the SAC.  Dkt. No. 40.  Plaintiff did not file a reply in

13  response to Defendants' opposition to his motion, nor did he file an opposition to

14  Defendants' motion to strike.

15          At this late stage in the proceedings, Plaintiff may only file an amended complaint

16  under Federal Rule of Civil Procedure 15(a)(2), which provides that a party may amend its

17  pleading "only with the opposing party's written or the court's leave.  The court should

18  freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).[1]   Federal Rule of

19  Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general,

20  leave shall be freely given when justice so requires.  *See Janicki Logging Co. v. Mateer*, 42

21  F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of

22  scheduling order under Fed. R. Civ. P. 16 must be based upon good cause).  "In the

23  absence of any apparent or declared reason–such as undue delay, bad faith or dilatory

24  motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of

25

26  _____

27  [1] As Defendants correctly point out, the time for Plaintiff to file an amended complaint as a
    matter of course under Rule 15(a)(1)(B) expired 21 days after service of the amended
    complaint, i.e., on January 21, 2020.  Dkt. No. 40 at 3-4, citing Fed. R. Civ. P. 15(a)(1)(B).

28

United States District Court
Northern District of California

1   allowance of the amendment, futility of amendment, etc.–the leave sought should, as the

2   rules require, be 'freely given.'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th

3   Cir. 2012) (citations omitted).  Leave need not be granted where the amendment of the

4   complaint would cause the opposing party undue prejudice, is sought in bad faith,

5   constitutes an exercise in futility, or creates undue delay.  *See Janicki Logging Co.*, 42 F.3d

6   at 566; *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981).  A district

7   court's discretion to deny leave to amend is particularly broad where the plaintiff has

8   previously filed an amended complaint.  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830

9   (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

10        The Court found the amended complaint filed on December 31, 2018, stated a

11   cognizable claim against the two named Defendants, Dr. Spencer and Nurse Amanda, at

12   the San Mateo County jail for deliberate indifference to serious medical needs.  Dkts. No.

13   10, 14.  In his motion to amend, Plaintiff requests leave to amend in order to include

14   additional defendants: San Mateo County Correctional Health Services ["CHS"], Redwood

15   City, and the Sheriff of San Mateo County Jail Maguire Facility, Dkt. No. 32 at 1; he later

16   names these Defendants in the SAC.  Dkt. No. 37 at 2.  Plaintiff alleges that Dr. Spencer

17   and Nurse Amanda were acting "in the capacity as an agent, servant and employee" who

18   "provided medical services under contract through defendants, [CHS], acting within the

19   course and scope of their employment and under color and scope of their employment."

20   *Id.* at 4.  Plaintiff also claims that the Sheriff of San Mateo County and Redwood City

21   "failed to provide adequate medical staff or qualified medical staff, and or medical

22   services, and failed to remedy unlawful conditions that they know about and ignored

23   knowing they will not be held accountable for damages that resulted from a general policy,

24   pattern, and or practice and defendants medical provider, [CHS], unwillingness to respond

25   to inmate requests for treatment…."  *Id.*  Plaintiff claims that the Sheriff "conspired or

26   acted jointly under the color of state law pursuant to policy or custom with [Redwood

27   City]," who are "county policymakers at least for the purpose of the jail management…."

28                                                    4

*Id.* at 5-7.

Defendants argue that Plaintiff's original complaint, Dkt. No. 1, named San Mateo County Sheriff Bolanos and CHS as defendants, and that although the Court granted Plaintiff leave to amend to attempt to allege specific facts against them, Plaintiff effectively "dropped" them from this action by not including them in the amended complaint, Dkt. No. 10. Dkt. No. 40 at 4-5. Defendants also assert that Plaintiff filed the SAC in bad faith since the motion for leave to do so was still pending at the time, and that they will also suffer undue prejudice since their summary judgment is currently pending before the Court and they would have to respond to a third round of pleadings and file new dispositive motions. *Id.* at 6. Defendants move for the SAC be stricken in its entirety, or in the alternative, be dismissed for failure to state a claim. *Id.*

The Court finds that leave to file the SAC should be denied based on undue delay and Plaintiff's failure to explain the reason for the delay, as well undue prejudice to Defendants. *See Janicki Logging Co.*, 42 F.3d at 566. As Defendants point out, Plaintiff first named the Sheriff of San Mateo County and CHS in the original complaint but did not allege any specific facts against them. Dkt. No. 1. On December 10, 2018, the Court dismissed the complaint with leave to amend so that Plaintiff could attempt to state sufficient facts to state a claim against them. Dkt. No. 9. In the order, the Court laid out the legal standard to state a claim against individual defendants and against local governments under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). *Id.* at 3. When Plaintiff filed an amended complaint on December 31, 2018, he did not include the Sheriff or CHS in the complaint, indicating either that he could not name a claim against them individually or under *Monell* or that he was simply foregoing attempting to do so. Dkt. No. 10. Then he waited over 14 months thereafter to file another amended complaint on March 5, 2020, naming these Defendants and attempting to state a claim against them. Dkt. No. 37. Plaintiff provides no explanation for the delay in his motion and has filed no reply to Defendants' opposition, or an opposition to their motion to strike the SAC to

United States District Court
Northern District of California

refute their assertion that they would be unduly prejudiced by another amendment.[2]
Furthermore, the fact that Plaintiff has already filed an amended complaint gives the court
broad discretion to deny leave to amend now.  *See Wagh*, 363 F.3d at 830.  Accordingly,
the motion to amend is DENIED.  Dkt. No. 32.  Defendants' motion to strike the SAC is
GRANTED.  Dkt. No. 40.

**D.      Motion for Extension of Time to Complete Discovery**

After Defendants filed their summary judgment motion on January 30, 2020, Dkt.
No. 31, Plaintiff filed a motion for extension of time to complete discovery "so that
plaintiff can get evidence to defeat summary judgment."  Dkt. No. 34 at 2.  The Court
construes the motion as one for an extension of time to file opposition to Defendants'
summary judgment motion.  Defendants oppose the motion as untimely and unsupported
by good cause.  Dkt. No. 39.

The motion was filed on February 28, 2020, but is dated February 10, 2020.  Dkt.
No. 34 at 5.  With the benefit of the mailbox rule,[3] the Court finds the motion is timely
filed within the deadlines provided in the Court's Order of Service.  Dkt. No. 14 at 5.
Plaintiff also shows good cause for an extension of time based on delays in his mail and
limited access to the prison law library.  Dkt. No. 34 at 2-4.  Accordingly, the motion is
GRANTED.  Plaintiff shall file an opposition in the time set forth below.

///

///

///

United States District Court
Northern District of California

---

[2] Defendants filed opposition to Plaintiff's motion to amend on March 5, 2020, Dkt. No. 35, such that Plaintiff's reply thereto was due by March 19, 2020.  Defendants filed their motion to strike on March 13, 2020, Dkt. No. 40, such that Plaintiff's opposition was due by March 27, 2020.  He filed neither.  The Court notes that Plaintiff filed a letter on April 13, 2020, which is dated April 7, 2020, asserting lack of access to the prison law library and its resources.  Dkt. No. 42.  He makes no indication therein that this lack of access has hindered his ability to file a response to any of Defendants' filings.

[3] *See Faile v. Upjohn Co.*, 988 F.2d 985, 988 (9th Cir. 1993).

6

**CONCLUSION**

For the reasons discussed above, the Court orders as follows:

1.      Plaintiff's motion for reconsideration of appointment of counsel is DENIED. Dkt. Nos. 28, 38.

2.      Defendants' administrative motion to file under seal has been withdrawn. Dkt. No. 36.  Accordingly, the motion is STRICKEN.  The Clerk shall terminate the motion.

3.      Plaintiff's motion to amend is DENIED.  Dkt. No. 32.  Defendants' motion to strike the amended complaint is GRANTED.  Dkt. No. 40.  The second amended complaint filed on March 5, 2020, shall be STRICKEN.  Dkt. No. 37.

4.      Plaintiff's motion for an extension of time to complete discovery and file an opposition to Defendants' summary judgment is GRANTED.  Dkt. No. 34.  Plaintiff's opposition shall be filed **no later than forty-five (45) days from the date this order is filed.**  Defendants shall file a reply brief no later than **twenty-one (21) days** after Plaintiff's opposition is filed.

This order terminates Docket Nos. 28, 29, 32, 34, 38, and 40.

**IT IS SO ORDERED.**

**Dated:  __April 16, 2020_____**

BETH LABSON FREEMAN
United States District Judge

Order Addressing Pending Motions
PRO-SE\BLF\CR.18\04511Saddozai_mots

United States District Court
Northern District of California