UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOLANES, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-04511-BLF (PR)<br><br>**ORDER GRANTING MOTION FOR THIRD EXTENSION OF TIME TO FILE OPPOSITION; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 52) |

　　　　Plaintiff, a state prisoner currently housed at the Salinas Valley State Prison ("SVSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against personnel and medical staff at Corcoran State Prison. On July 11, 2019, the Court issued an order of service directing Defendants to file a dispositive motion. Dkt. No. 14. On January 30, 2020, Defendants filed a motion for summary judgment. Dkt. No. 31. Plaintiff has filed a motion for a third extension of time to file opposition to the motion for summary judgment due to lack of access to legal resources and facility lockdown related to the COVID-19 pandemic. Dkt. No. 52. Good cause appearing, Plaintiff's motion is **GRANTED**. Plaintiff is granted an extension of time of twenty-eight (28) days, such that his opposition is due **no later than August 21, 2020**. Defendants' reply shall be filed **no**

**later than fourteen (14) days** after Plaintiff's opposition is filed.

Plaintiff also requests appointment for counsel, making this his third such request. The motion is DENIED for the same reasons his previous motions were denied. Dkt. Nos. 14, 25. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). As before, Plaintiff's asserted grounds do not establish exceptional circumstances warranting appointment of counsel at this time, and his present circumstances due to the COVID-19 pandemic are no different from those of many inmates throughout California. Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman*, 390 F.3d at 1103; *Rand*, 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017; *Wilborn*, 789 F.2d at 1331.

This order terminates Docket No. 52.

**IT IS SO ORDERED**

Dated: __August 5, 2020____

BETH LABSON FREEMAN
United States District Judge