UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>    v.<br><br>BOLANES, et al.,<br><br>    Defendants. | Case No. 18-04511 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR FIFTH AND FINAL EXTENSION OF TIME TO FILE OPPOSITION; DENYING MOTION FOR PRELIMINARY INJUNCTION; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 56) |

Plaintiff, a state prisoner currently housed at the Salinas Valley State Prison ("SVSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical personnel at the Maguire Correctional Facility in San Mateo County. On July 11, 2019, the Court issued an order of service directing Defendants to file a dispositive motion. Dkt. No. 14. On January 30, 2020, Defendants filed a motion for summary judgment. Dkt. No. 31. Plaintiff has filed a motion for additional time to respond, for a preliminary injunction, and appointment of counsel. Dkt. No. 56. The Court addresses these requests below.

///

///

## DISCUSSION

### A. Motion for Extension of Time

Plaintiff seeks an extension of time to respond, citing denial of access to the library and legal resources. Dkt. No. 56 at 2-3. Plaintiff also claims the law librarian is obstructing his access to the courts and that the prison has interfered with his mail causing delays. *Id.* at 3-7. Plaintiff also asserts that he has mental and physical health issues which require an extension of time. *Id.* at 8-10. Plaintiff asserts several other grounds, *id.* at 10- but the above are sufficient to warrant another extension of time to file opposition to Defendants' summary judgment motion.

However, the Court notes that Defendants' summary judgment has been pending since January 30, 2020. Dkt. No. 31. Since that time, Plaintiff has been granted four extensions of time, totaling approximately seven months. Dkt. Nos. 44, 48, 53, 55. This request is now Plaintiff's fifth request for additional time. Despite the alleged challenges, the Court notes that Plaintiff was still able to file this extensive and articulate motion in a timely manner. As such, the Court will grant one final extension of thirty (30) days to file opposition. No further extensions of time will be granted.

Plaintiff also alleges several claims, including the violation of his right of access to courts, retaliation and other deprivations by SVSP staff. However, he must raise these claims in a separate action as they are beyond the scope of this matter which involves an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants who do not work at SVSP.

### B. Preliminary Injunction and Appointment of Counsel

Plaintiff also requests a preliminary injunction "ordering prison officials to cease and desist retaliation, harassment, and obstruction of plaintiff's access to the courts and order appoint of counsel necessary for due process." Dkt. No. 56 at 1.

An injunction is binding only on parties to the action, their officers, agents,

servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). The court should not issue an injunction that it cannot enforce. *Id.* Plaintiff is currently housed at SVSP. This Court has no jurisdiction over SVSP prison officials or the law librarian in this action which involves medical personnel at the Maguire Correctional Facility in San Mateo County. Dkt. No. 1. Accordingly, the motion must be denied. *Id.*

With respect to appointment of counsel, the Court has denied three previous motions for appointment of counsel under 28 U.S.C. § 1915, and also found appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c) was not warranted based on the absence of verifiable evidence of Plaintiff's incompetence. Dkt. No. 25. Plaintiff presents no new facts in the instant motion for this Court to reconsider appointment of counsel on either of these grounds. Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for an extension of time to file opposition is **GRANTED**. Plaintiff is granted a **final extension** of thirty (30) days, such that his opposition is due **no later than October 21, 2020**. No further extensions of time to file an opposition shall be granted.

2. Defendants' reply shall be filed **no later than fourteen (14) days** after Plaintiff's opposition is filed.

3. Plaintiff's motion for a preliminary injunction and appointment of counsel are DENIED.

This order terminates Docket No. 56.

**IT IS SO ORDERED**

Dated: __September 22, 2020__

BETH LABSON FREEMAN
United States District Judge

Order Granting Fifth EOT to File Opp; Deny PI & Appt of Counsel
PRO-SE\BLF\CR.18\04511Saddozai_eot_opp5&pi